OPINION
On November 12, 1999, the Stark County Grand Jury indicted appellant, Jeffrey Kelly, on one count of possession of cocaine in violation of R.C. 2925.11(A). Said charge arose from the observations of Patrolman James Hilles of the Alliance Police Department on September 18, 1999. On said date, Patrolman Hilles observed appellant and two others, Troy Blake and Steven Thomas, lighting something and passing it to each other. The "something" was later identified as a pipe containing crack cocaine. A jury trial commenced on February 16, 2000. The jury found appellant guilty as charged. By judgment entry filed February 24, 2000, the trial court sentenced appellant to nine months in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DUE TO TRIAL COUNSEL'S FAILURE TO MOVE TO EXCLUDE WITNESSES AND EVIDENCE PRIOR TO THE BEGINNING OF TRIAL.
 II APPELLANT'S CONVICTION FOR POSSESSION OF COCAINE WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I
Appellant claims he was denied the effective assistance of trial counsel because his counsel did not object to witnesses whose names were provided just prior to trial. We disagree. The standard this issue must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990),497 U.S. 1011. Appellant must establish the following:
2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
Appellant argues his counsel should have objected to the witnesses prior to trial instead of waiting until the state sought to put them on the witness stand. T. at 229-231, 284-287. Following the latter objection, the state explained the delay in providing the witnesses' names. T. at 288-289. The co-defendant was disclosed as a witness after a negotiated plea had been agreed upon and he became available as a witness. T. at 289. The trial court accepted the prosecutor's explanation for the lateness of disclosing Patrolman Vesco. Imposition of discovery sanctions pursuant to Crim.R. 16(E)(3) rests in the trial court's sound discretion. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 245. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Upon review, we fail to find that any lateness in objecting prejudiced appellant. The trial court ruled on the discovery issues pursuant to Crim.R. 16 and denied the mistrial. T. at 291. Although the issues could have been addressed pretrial, there was no prejudice to appellant in the delay. Assignment of Error I is denied.
 II
Appellant claims his conviction was against the manifest weight and sufficiency of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Appellant was convicted of possession of cocaine in violation of R.C. 2925.11(A) which states "[n]o person shall knowingly obtain, possess, or use a controlled substance." Patrolman Hilles testified that he observed appellant, Mr. Blake and Mr. Thomas sitting out on the porch on a chilly evening. T. at 130. Patrolman Hilles proceeded to park and watch the individuals from some fifty to seventy-five feet from the porch. T. at 131. Patrolman Hilles observed the individuals lighting something, smoking and passing on an object three or four times. T. at 134-135. Patrolman Hilles approached the porch and observed appellant with a silver pipe in his right hand. T. at 137. Appellant "kind of went to sit back down" and dropped the pipe "down between the steps and the porch." T. at 137. At Patrolman Hilles's request, Patrolman Vesco retrieved the silver pipe (State's Exhibit 1). T. at 139. The pipe contained a piece of what appeared to be crack cocaine. T. at 139-140. Jay Spencer, a criminalist with the Canton Stark County Crime Lab, verified the item found in the pipe was crack cocaine. T. at 262-263. Mr. Blake testified that he, appellant and Mr. Thomas were smoking crack cocaine from a pipe. T. at 233-234. Appellant smoked crack cocaine out of the pipe identified as State's Exhibit 1. T. at 234, 236, 241. Appellant held the pipe. T. at 237, 240-241. Appellant argues the testimony of his co-defendant, Mr. Blake, was not credible because he had an obvious motive to lie i.e., make his sentence lighter. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990),498 U.S. 881. Upon review, we conclude the jury very easily could have believed the testimony of Mr. Blake given the observations of Patrolman Hilles. Therefore, we find there was substantial credible evidence to substantiate the guilty finding sub judice. Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 __________ Farmer, J.
Hoffman, P.J. and Reader, V.J. concur.